UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRESTON HOLLINGER,

    Petitioner,

v.                                                                         CASE NO. 6:07-cv-1232-Orl-22GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 10).

Petitioner alleges five claims for relief in his petition. For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

*I.    Procedural History*

Petitioner was charged with robbery with a firearm. A trial was conducted, and a jury found Petitioner guilty of the lesser-included offense of robbery with a weapon. The state trial court sentenced Petitioner as a habitual violent felony offender and a prison releasee reoffender to a thirty-year term of imprisonment. Petitioner appealed his conviction, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on June 8, 2004. The appellate court denied Petitioner's motion for rehearing on July 23, 2004.

On February 9, 2005, Petitioner filed a state habeas petition.[1] The state appellate court denied the petition on March 9, 2005.

On March 22, 2005, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state trial court denied relief on May 17, 2005. Petitioner did not appeal, but on April 21, 2006, filed a motion for belated appeal. The appellate court granted the motion on July 10, 2006. The appellate court affirmed in part the trial court's decision, but remanded the case on November 17, 2006, for consideration of a claim on which the trial court failed to rule. On remand, the state trial court denied relief. Petitioner appealed, and the appellate court *per curiam* affirmed on June 5, 2007. Mandate was issued on August 6, 2007.

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

        of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court denied Petitioner's motion for rehearing on direct appeal on July 23, 2004. Petitioner then had ninety days, or through October 21, 2004, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on October 21, 2004, and Petitioner had through October 21, 2005, absent any tolling, to file a federal habeas

---

[2]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Petitioner filed a state habeas petition on February 9, 2005, at which time 111 days of the one-year limitation had passed. The time was tolled until March 9, 2005, when the petition was denied. An additional twelve days of the one year expired, for a total of 123 days, before Petitioner filed his Rule 3.850 motion on March 22, 2005. The time was tolled from March 22, 2005, through June 16, 2005, when the thirty days expired in which Petitioner could have appealed the trial court's denial of the Rule 3.850 motion. At that time, 242 days of the one-year limitation remained. Thus, Petitioner had until February 13, 2006, to file the instant petition. The instant petition was not filed, however, until July 27, 2007.

Petitioner asserts that the one year was statutorily tolled pursuant to § 2244(d)(2) until August 6, 2007, when mandate was issued from the appellate court's affirmance of the trial court's denial of his Rule 3.850 motion on remand. In support of this argument, Petitioner maintains that although the trial court initially denied his Rule 3.850 motion on May 17, 2005, he was not aware of the denial until February 1, 2006, when he received a letter from the state court in response to his inquiry regarding the status of the motion. Thereafter, on April 21, 2006, he filed a motion for belated appeal which was subsequently

granted on July 10, 2006. Petitioner contends, therefore, that the one year was tolled during the time his belated appeal was pending.

In *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003), the Court held that a motion for a belated appeal that was filed after the one-year limitation period expired does not statutorily toll, revive, or restart the limitation period even if the motion was granted. In the instant case, the one-year period expired on February 13, 2006, and Petitioner filed his motion for belated appeal on April 21, 2006. Therefore, the one-year expired before Petitioner filed his motion for belated appeal, and the motion could not toll the limitation period.

Petitioner further argues that equitable tolling should apply based on his motion for belated appeal. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

In support of the application of equitable tolling in this case, Petitioner relies on *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002). In *Knight*, the Eleventh Circuit ruled that the petitioner was entitled to equitable tolling because the state court assured him that it

5

would contact him upon the final disposition of his appeal, but inadvertently mailed the notice of the decision to the wrong person. 292 F.3d at 711. The Court determined that the petitioner demonstrated diligence in inquiring about the status of his case, and the court's failure to notify the petitioner was beyond his control. *Id.* However, the Court noted that "not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. In this case [the petitioner] was assured that the court would contact him, then demonstrated diligence in pursuing information when it did not do so." *Id.*

In the instant case, Petitioner submitted evidence demonstrating that he contacted the state court on January 13, 2006, regarding the status of his Rule 3.850 motion. (Doc. No. 10, Exh. 1-3.) Thus, Petitioner contacted the state court approximately five months earlier than the petitioner in *Knight*. However, unlike the petitioner in *Knight*, Petitioner has not provided evidence demonstrating that he was personally assured that he would be contacted at the conclusion of his post-conviction proceeding. More importantly, the record establishes that after Petitioner learned on February 1, 2006, that the state trial court had denied his Rule 3.850 motion, he waited more than two months before filing his motion for belated appeal. When Petitioner learned that his Rule 3.850 motion had been denied, twelve days remained in which Petitioner could have timely filed the instant habeas petition. Thus, Petitioner has not demonstrated that a causal connection existed between the state court's failure to notify him of the disposition of his Rule 3.850 motion and his ability to timely file the instant habeas petition. *See Lawrence v. Florida*, 421 F.3d

1221, 1226-27 (11th Cir. 2005) (refusing to apply equitable tolling because the petitioner failed to show "a causal connection between his alleged mental incapacity and his ability to file a timely petition"); *see also Williams v. State of Florida*, 221 Fed. Appx. 867, 371 (11th Cir. 2007) (denying application of equitable tolling because the record did not establish that the untimely filing of the petition was beyond the petitioner's control); *Logreira v. Secretary, Dep't of Corr.*, 161 Fed. Appx. 902, 904 (11th Cir. 2006) (concluding that equitable tolling was not warranted given the absence of a causal connection between the petitioner's delayed receipt of state court decision and untimely filing of federal habeas petition). Accordingly, this Court concludes that equitable tolling is not warranted in this case.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of August, 2008.

ANNE C. CONWAY
United States District Judge

Copies to:
sc 8/20
Treston Hollinger
Counsel of Record